Scofield, J.,
delivered the opinion of the court:
The claimant enlisted as a private in the Marine Corps August 12, 1882, at Brooklyn, N. Y., and was discharged at the: *222 Washington navy-yard June 4,1887, by order of the Secretary of the Navy, “ as unfit for service; character bad.”
He sues to recover retained pay, under section 1281 of the Revised Statutes, amounting to $65.20, and transportation and subsistence to Brooklyn, under section 1290, amounting to $8.10.
These two sections are as follows:
' “ Seo. 1281.- To the rates of pay stated in the preceding section one dollar per month shall be added for the third year of enlistment, one dollar more per month for the fourth year, and one dollar more per month for the fifth year, making in all three dollars increase per month for the last year of the first enlistment of each enlisted man named in said section. But this increase shall be considered as retained pay, and shall mot be paid to the soldier until his discharge from the service, and shall be forfeited unless he serves honestly and faithfully to the date of discharge.”
“ Sec. 1290. When a soldier is discharged from the service, except by way of punishment for an offense, he shall be allowed transportation and subsistence from the place of his discharge to the place of his enlistment, enrollment, or original muster into the service. The Government may furnish the same in kind, but in case it shall not do so, he shall be allowed travel-pay and commutation of subsistence for such time as may be sufficient for him to travel from the place of discharge to the place of his enlistment, enrollment, or original muster into the service, computed at the rate of one day for every twenty miles.”
Two objections are made to the claimant’s demand :
First. It is said the advantages of the two sections above quoted are conferred only upon enlisted men in the Army. That is true, so far as the sections themselves provide; but enlisted men of the Marine Corps are brought within these provisions by the following section of the Revised Statutes :
“ Sec. 1612. The officers of the Marine Corps shall be entitled to receive the same pay and allowances, and the enlisted men shall be entitled to receive the same pay and bounty for re-enlisting, as are or may be provided by or in pursuance of law for the officers and enlisted men of like grades in the infantry of the Army.”
The counsel for the defendants did not overlook this section; but he contends that it relates ouly to're-enlistments; and that the private in the Marine Corps derives no advantages under it during his first term of service. The language of the section, grammatically considered, might justify that construction, but other considerations indicate that Congress did not so intend *223 it. Outside of this section we find no provision in the statutes prescribing the pay of these men. If they are not embraced within it, they have no fixed rate of compensation during the first five years of service. Neither the appropriations of Congress nor the practice of the accounting officers sustain the contention of the defendants.
Second. The defendants further contend that the claimant has lost all rights he might otherwise have had under sections 1281 and 1290 by his misconduct.
The misconduct complained of, as shown by his official record, is as follows:
“ October 11, 1886, twenty-four hours over leave. October 21,1886, creating disturbance in quarters. .December 3, 1886, drunk in garrison. December 24,18h6, insubordination and disrespect to sergeant of the guard, tried by summary court-martial; sentenced 30 days D. I. solitary confinement.
“ February 23,1887, over leave. April 5,1887, improper conduct at target practice. May 20, 1887, absent without leave. May 26,1887, insubordination and disrespect to the officer of the day.”
Whether or not this record exhibits the honest and faithful service required by the statute is not a question to be tried in a collateral proceeding. The forfeiture, like the discharge, should be considered and declared by the court-martial or other military authorities having jurisdiction in the premises. Forfeiture not having' been so imposed, paymasters, accounting officers, and courts are not required to reconsider the alleged misconduct and add to the penalty prescribed by the military authorities.
The President has taken this view of the law, and in the Army Regulations of 1881 has formulated the following rules for the military disposition of such questions :
“ Par. 2454. The retained pay provided for the discharged soldier, ‘ but to be forfeited unless he shall have served honestly and faithfully to the date of discharge,’ by sections 1281 and 1282, Revised Statutes, shall be withheld for the following causes, either of which shall be noted on the final statements: ' “ 1. Desertion during the period of enlistment.
a 2. When discharged (by way of punishment for an offense) before expiration of term of service by sentence of court-martial, or by order from the War Department specifying that such forfeiture shall be made.
“ 3. Conviction and imprisonment by the civil authorities.
*224 “ 4. When discharged as a minor, or for other cause involving fraud on his part in the enlistment.
“ 5. Repeated trials by court-martial and punishments for misconduct, of which timely reports shall be made to War Department and approved as basis of forfeiture. * # * ”
The claimant’s alleged offenses are embraced in the second and fifth specifications of this paragraph. Both require the forfeiture to be declared by the court-martial or War Department when deciding upon the case.
We do not cite this regulation as having the force of law unless approved by Congress, but only as showing that the executive branch of the Government; concurs with the court as to the mode of enforcing the forfeitures prescribed in the sections under consideration.
In passing upon the conduct of the claimant the President, acting through the Navy Department, has not declared a forfeiture of retained pay and mileage, inadditontothe discharge, and the court will not re-examine the record for the purpose of imposing it now.
Judgment will be entered in favor of the claimant in the sum of $73.30.